IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTHONY BRIAN THOMAS                                              PETITIONER

VERSUS                              CIVIL ACTION NO.  3:14CV834 CWR-LRA

RICK McCARTY, INTERIM COMMISSIONER                      RESPONDENT
of the MISSISSIPPI DEPARTMENT OF CORRECTIONS

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Anthony Thomas filed a petition for federal habeas corpus relief on October 28, 2014.  On December 2, 2014, he filed a "Motion Seeking to Supplement 2254" to add additional grounds for habeas relief.  Respondent moves to dismiss the proposed amended petition for failure to exhaust available state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The Court recommends as follows:

Petitioner Thomas was convicted of being a felon in possession of a firearm and aggravated assault in the Circuit Court of Hinds County, Mississippi.  On May 4, 2011, he was sentenced as a habitual offender to two consecutive life terms without parole.  Thomas appealed and argued that the doctrine of retroactive misjoinder should be applied and requested a new trial.  He also alleged the following evidentiary errors as grounds:

    (1)    the evidence presented was insufficient to convict him of being a felon in possession of a butcher knife;

    (2)    he was prejudiced by a discovery violation, and the improper admission of character evidence and hearsay;

    (3)    the circuit court improperly admitted the prior testimony of Dr. Toevs; and,

      (4)    the circuit court improperly limited his right to cross-examination. *Thomas v. State*, No. 2011-KA-00840-COA, 2012 WL4497345 (Miss. Ct. App. 2012), *reh'g. denied,* January 29, 2013.  The Mississippi Court of Appeals affirmed Thomas's convictions on October 2, 2012, and denied his petition for rehearing on January 29, 2013.  *Id.*  On February 1, 2013, Thomas filed a petition for writ of certiorari in the Mississippi Supreme Court and raised the following as grounds:

1. Can a Steak Knife be a Butcher Knife Under Miss Code Ann. § 97-37-5?
2. Whether the Doctrine of Retroactive Misjoinder Applies?[1]

On October 3, 2013, the Mississippi Supreme Court affirmed Thomas's conviction and sentence for aggravated assault, but reversed the conviction and dismissed Count II of the indictment for failure to charge an essential element of the crime. *Thomas v. State*, 126 So.3d 877 (Miss. 2013), *reh'g denied*, December 12, 2013.  Thomas subsequently filed a *pro se* "Petition for Writ of Certiorari," which was treated as a petition for rehearing, and denied by the Mississippi Supreme Court on February 4, 2013.  Nothing of record indicates that Thomas filed a motion for post-conviction relief. [2]

On October 28, 2014, Thomas filed the instant petition and asserted as his sole ground for relief, the same retroactive-misjoinder claim raised on direct appeal and certiorari review.  On December 2, 2014, he filed a motion to amend his petition to add

---

[1]ECF No. 7-5.

[2]ECF No. 7-1–7-8.

the evidentiary claims raised on direct appeal.[3]

Respondent argues that the proposed amended petition is subject to dismissal because it presents exhausted and unexhausted claims. Although raised on direct appeal, Respondent notes that the amended claims are unexhausted because Thomas failed to raise them in his petition for writ of certiorari in the Mississippi Supreme Court after his petition for rehearing was denied by the State Court of Appeals. In addition, nothing of record indicates that Thomas has filed a motion for post-conviction relief raising these claims. Thomas has not responded to the motion to dismiss, but maintains that he has exhausted every issue in his motion to amend.

Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[4]  *Parr v. Quarterman,* 472

---

[3] ECF No. 4.

[4] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)  the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i)  there is an absence of available State corrective process; or
       (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

. . . .

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 450 U.S. 1056 (1983). A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

The record confirms that Thomas has failed to present his amended claims to the Mississippi Supreme Court for consideration. Exhaustion is a mandatory prerequisite for federal review, and Thomas must present his unexhausted claims to the state's highest court in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Until such time, they may not be considered by this Court. Thomas does not request that this matter be held in abeyance pending his exhaustion, and the Court finds that no "good cause" has been shown to do so. *See Rhines v. Weber,* 544 U.S. 269, 277 (2005). Further, any attempt to re-file a petition for habeas relief after exhaustion in state court would likely be dismissed as untimely under 28 U.S.C. § 2244(d). The Court therefore finds that Petitioner's motion to supplement his petition with unexhausted claims should be denied, and he should be allowed to proceed on the merits of his exhausted claim. *See Rhines*, 544 U.S.

at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that a stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain habeas relief.").

For these reasons, the Court finds that Thomas's Motion Seeking to Supplement 2254 should be denied, and Respondent's motion to dismiss for failure to exhaust should be denied as moot. The undersigned further recommends that Respondent be directed to file an Answer to the petition within 30 days of an order adopting this report and recommendation.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 18th day of February, 2015.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE