## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN  DIVISION

**ANTHONY BRIAN THOMAS**                                                    **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO.  3:14CV834 CWR-LRA**

**RICK McCARTY, INTERIM COMMISSIONER**                         **RESPONDENT**
of the **MISSISSIPPI DEPARTMENT OF CORRECTIONS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This cause is before the Court on Petitioner's Motion to Hold Petition for Writ of
Habeas Corpus in Abeyance.  On October 28, 2014, Anthony Thomas filed a petition for
federal habeas corpus relief.  On December 2, 2014, Thomas filed a Motion Seeking to
Supplement 2254 to add additional grounds for habeas relief.  Respondent moved to
dismiss the proposed amended petition for failure to exhaust available state court
remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996
(AEDPA), on January 5, 2015.  On February 18, 2015, the undersigned issued a report
recommending that Thomas be allowed to proceed on the merits of his exhausted claims,
and that his motion to supplement be denied.  The parties were notified that failure to file
written objections to the findings and recommendation within 14 days after service would
bar further appeal in accordance with 28 U.S.C. § 636.  No objections were subsequently
filed.  On March 13, 2015, the United States District Judge Carlton W. Reeves entered an
order adopting the undersigned's report and recommendation.  On March 18, 2015,
Thomas filed the instant Motion to Hold Petition for Writ of Habeas Corpus in Abeyance.

Petitioner's motion is a one-page document requesting that this Court hold this matter in abeyance while he exhausts his unexhausted claims in state court.  In his transmittal letter, Thomas advises that he has taken the necessary steps to exhaust his claims in state court.  It appears, however, that Petitioner simply submitted a copy of the instant motion to the Mississippi Supreme Court, on or around January 14, 2015, and nothing more.[1]  Absent evidence that Thomas is, in-fact, proceeding in state court with his unexhausted claims, his motion is not well-taken.

It is well-established that this Court has the discretion to stay and hold this matter in abeyance pending Petitioner's exhaustion of his state court remedies.  *See Rhines v. Weber,* 544 U.S. 269, 277 (2005).  But the United States Supreme Court has instructed lower courts that stay and abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner.  *Id.*  at 278.  The *Rhines* Court cautioned that "stay and abeyance should be available only in limited circumstances" because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts."  *Id.* at 277.  Stay and abeyance is only appropriate when there is good cause for the petitioner's failure to fully exhaust his claims in state court first.  *Id.*  at 277-78.  No good

---

[1] Although Thomas questions its accuracy, a search of the docket on the Mississippi Supreme Court's website reveals no filings properly presenting the unexhausted claims for consideration after the petitions for certiorari were denied. Nor does the record reflect that Thomas filed a motion for post-conviction relief raising these claims. https://courts.ms.gov/appellate_courts/generaldocket.html.

cause has been shown here.  Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.  *See Orman v. Cain*, 228 F.3d 616, 620 & n. 6 (5th Cir. 2000); *Bledsue v. Johnson*, 188 F.3d 250, 254 n. 8 (5th Cir. 1999).  Here, although raised on direct appeal, neither Petitioner nor his appellate counsel presented the unexhausted claims to the Mississippi Court in their petitions for certiorari.  Nor has Petitioner filed a motion for post-conviction relief raising these claims.

For these reasons, the undersigned recommends that Petitioner's motion to hold his petition in abeyance be denied.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective

December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415,

1428-29 (5th Cir. 1996).

This the 9th day of July 2015.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE