# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN  DIVISION

**ANTHONY BRIAN THOMAS**                                                      **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO.  3:14CV834 CWR-LRA**

**RICK McCARTY, INTERIM COMMISSIONER**                        **RESPONDENT**
**of the MISSISSIPPI DEPARTMENT OF CORRECTIONS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This cause is before the Court on Petitioner's Motion to Amend/Correct Petition

for Writ of Habeas Corpus.  On October 28, 2014, Anthony Thomas filed a petition for

federal habeas corpus relief.  On December 2, 2014, Thomas filed a Motion Seeking to

Supplement 2254 to add additional grounds for habeas relief.  On February 18, 2015, the

undersigned issued a report recommending that Thomas be allowed to proceed on the

merits of his exhausted claim set forth in his original petition, but that his motion to

supplement be denied for failure to exhaust his amended claims.  On March 13, 2015,

United States District Judge Carlton W. Reeves entered an order adopting the

undersigned's report and recommendation.[1] Having now exhausted his state court

remedies, Thomas seeks to amend his petition to add the following previously

unexhausted claims (as stated by Petitioner):

---

[1]On March 18, 2015, Thomas filed a Motion to Hold Petition for Writ of Habeas Corpus
in Abeyance requesting that this Court hold this matter in abeyance while he exhausts his
unexhausted claims in state court.  On July 9, 2015, the undersigned issued a report
recommending that the motion be denied for failure to present extraordinary circumstances to
warrant a stay and abeyance which was ultimately adopted by United States District Judge
Reeves on October 23, 2015.  ECF Nos.  7-12, 15-21.

| | |
|---|---|
| Ground Two: | Was Thomas prejudiced by discovery violation, unsolicited 404(B) evidence and prejudicial hearsay? |
| Ground Three: | Was the prior testimony of a state witness properly allowed under the unavailable witness rule of Miss. R. Evid. 804? |
| Ground Four: | Was Thomas cross-examination rights improperly limited?[2] |

Respondent argues that the motion to amend should be denied as untimely under 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) because the newly exhausted claims do not arise from the same operative facts set forth in the original petition as required by Fed. R. Civ. P. 15(c)(2). The Court finds as follows.

AEDPA imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1), and provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or

---

[2]ECF No. 19.

claims presented could have been discovered through the exercise of due diligence.

(d)(1)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *Jones v. Stephens,* 541 F. App'x 499, 504 (5th Cir. 2013). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Petitioner Thomas was convicted of being a felon in possession of a firearm and aggravated assault in the Circuit Court of Hinds County, Mississippi, and was sentenced as a habitual offender to life without parole on May 3, 2013.  The Mississippi Court of Appeals affirmed both convictions in *Thomas v. State*, 178 So.3d 771 (Miss. Ct. App. 2012), *reh'g. denied,* January 29, 2013.  In a petition for writ of certiorari filed on February 1, 2013, Thomas argued that "the evidence was insufficient to convict him of being a felon in possession of a prohibited weapon, and that, should this conviction be

3

reversed, he would be entitled to a new trial on the aggravated assault charge based on the doctrine of 'retroactive misjoinder.'" *Thomas v. State*, 126 So.3d 877, 878 (Miss. 2013), *reh'g. denied*, December 12, 2013. The Mississippi Supreme Court affirmed Thomas's conviction and sentence for aggravated assault on certiorari review, but reversed and dismissed Count II of the indictment for felon in possession because it failed to charge an essential element of the crime. *Id.*

Thomas's aggravated assault conviction became final on March 12, 2014, 90 days after the Mississippi Supreme Court denied his petition for rehearing. Because the time period during which Petitioner could have sought further review is added to the date his direct appeal ended, he is credited with the 90-day time period permitted for seeking a writ of certiorari in the United States Supreme Court. *See* Rule 13(1) of the United States Supreme Court Rules; *see also Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Beck v. Thaler*, 398 Fed. App' x. 65 (5th Cir. 2010). AEDPA's one year statute-of-limitations period therefore ran from March 12, 2014, though March 12, 2015. Thomas's initial habeas petition, which asserted as his sole ground for relief, the same retroactive-misjoinder claim raised on direct appeal and certiorari review to the Mississippi Supreme Court, was timely filed in this court on October 28, 2014. However, Thomas failed to include his amended claims in his petition for writ of certiorari in the Mississippi Supreme Court. Thus, to toll the statute of limitations, Thomas was required to file a "properly-filed" motion for post-conviction collateral relief raising his amended claims in state court on or before March 12, 2015. Thomas did not, however, file a motion for

4

post-conviction relief raising his unexhausted claims, until July 27, 2015, (signed July 21, 2015), after the expiration of AEDPA's one year statute of limitations period.  He did not file the proposed amended petition in this Court until October 7, 2015.

An amendment does "not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  *U.S. v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009) (quoting *Felix*, 545 U.S. at 650).  To the contrary, the United States Supreme Court has held that claims raised in an amended petition do not automatically relate back to a timely petition under Fed. R. Civ. P. 15(c) simply because they "arose from the same trial and conviction." *Mayle v. Felix*, 545 U.S. 644, 650 (2005).  "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance."  *Id.*  at 662 (citations omitted).  A previously unexhausted claim must share a "common core of operative facts" with the exhausted claim.  *Id.*  at 657.

In the present case, the evidentiary and discovery-violation claims raised in Petitioner's amended petition are factually unrelated to his retroactive-misjoinder claims in his initial petition.  They do not arise from the same core of operative facts.  The retroactive-misjoinder claim arises out of facts relating to Count II of his indictment, while his amended claims challenge the admissibility of pre-trial statements and witness testimony arising from his subsequent trial.  None of the remaining exceptions set forth in § 2244 (d)(1) are applicable in this case, and none of Petitioner's remaining arguments

5

are relevant or warrant tolling of the statute of limitations.  The amended petition was filed on October 7, 2015, well outside the one-year limitations period and the claims raised therein do not relate back to the timely original petition.  Accordingly, Petitioner's motion to amend should be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 12th day of August, 2016.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE