IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTHONY THOMAS                                                                                     PETITIONER

V.                                                                        CAUSE NO. 3:14-CV-834-CWR-LRA

PELICIA E. HALL, COMMISSIONER OF                                                           RESPONDENT
MDOC

## ORDER

Before the Court are the Magistrate Judge's Report and Recommendation (R&R) and petitioner Anthony Thomas's objection to that R&R. Docket Nos. 28-29.

In lengthy state court proceedings, Anthony Thomas was tried and convicted on an aggravated assault charge and a felon-in-possession charge. The Mississippi Supreme Court vacated only the felon-in-possession charge. *Thomas v. State*, 126 So. 3d 877, 878 (Miss. 2013).

That ruling resolved one problem but created another. It meant the jury possessed unnecessary, inadmissible, and highly prejudicial evidence—that Thomas was a convicted felon—when it voted to convict him of aggravated assault. The jurors' deliberations and votes may have been tainted by knowledge of his prior bad act. And that forces appellate courts to ask whether Thomas received a fair trial.

This is not a new problem. "[E]vidence of a prior conviction has long been the object of careful scrutiny and use at trial because of the inherent danger that a jury may convict a defendant because he is a 'bad person' instead of because the evidence of the crime with which he is charged proves him guilty." *United States v. Holloway*, 1 F.3d 307, 311 (5th Cir. 1993) (citation omitted); *see also United States v. Jones*, 16 F.3d 487, 493 (2d Cir. 1994) ("In short, the evidence that Jones is a felon was of the inflammatory sort that may have swayed the jury to convict him of the other charges even if the evidence had not supported those charges.").

Mississippi courts agree: "such evidence weighs too much with the jury and overpersuades it as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." *Williams v. State*, 37 So. 3d 717, 726 (Miss. Ct. App. 2010) (quotation marks, citation, brackets, and ellipses omitted).[1]

The Mississippi Supreme Court could have evaluated the risk of unfair prejudice to Thomas, and in so doing determined whether the aggravated assault count needed to be retried, by conducting a "retroactive misjoinder" analysis. "Retroactive misjoinder is the concept that evidence adduced to support a claim that an appellate court vacates may have prejudiced any surviving counts." *United States v. McMahon*, No. 04-5011, 2005 WL 115506, at *7 (10th Cir. Jan. 20, 2005). Mississippi defendants typically seek a retroactive misjoinder analysis when "joinder of multiple counts was initially proper but, through later developments such as an appellate court's reversal of less than all convictions, joinder has been rendered improper." *Williams*, 37 So. 3d at 720 (quotation marks and citations omitted). Thomas had pressed the issue several times, *see* Docket No. 14-9, at 4-5 & 20-21, so it was ripe for adjudication. But the Mississippi Supreme Court chose to avoid the issue.

The avoidance meant that none of the courts to consider Thomas's case—the Mississippi Supreme Court, the Court of Appeals, and the Circuit Court—had considered retroactive misjoinder. There was no state court adjudication of Thomas's principal ground for habeas relief. It follows that the Court must review Thomas's ground *de novo*. *See Johnson v. Williams*, 133 S. Ct. 1088, 1097 (2013); *Hoffman v. Cain*, 752 F.3d 430, 437 (5th Cir. 2014) ("For claims that are not adjudicated on the merits in the state court, we apply a *de novo* standard of review."); *Robinson v. Louisiana*, 606 F. App'x 199, 203 (5th Cir. 2015).

---

[1] Indeed, Thomas's first direct appeal succeeded because evidence describing his prior conviction was introduced in error. *Thomas v. State*, 19 So. 3d 130, 135 (Miss. Ct. App. 2009) ("We cannot hold that this error was harmless as evidence of Thomas's prior conviction for the same crime of aggravated assault was highly prejudicial.").

2

In direct appeals, the Fifth Circuit "acknowledge[s] that perhaps a grant of a new trial might be appropriate in some cases of 'retroactive misjoinder.'" *United States v. Edwards*, 303 F.3d 606, 640 (5th Cir. 2002). "At a minimum, drawing from our severance cases and authority from other circuits, the defendants must show that they experienced some prejudice as a result of the joinder of the invalid claims, i.e., that otherwise inadmissible evidence was admitted to prove the invalid . . . claims." *Id.*

The Mississippi Court of Appeals has fashioned its own standard. It asks:

> (1) was evidence admitted at trial on the vacated count that would not have otherwise been admissible on the remaining count and, if so, (2) can the defendant demonstrate clear prejudice as a result of the inadmissible evidence that was presented to the jury. In making this determination, the specific facts and circumstances surrounding the defendant's trial are vitally important as a finding of prejudice will vary from case to case. The strength of the State's case against the defendant on the remaining count, the specific evidence presented in connection with the vacated count, and other pertinent details of the defendant's case and trial should be analyzed in determining if the defendant was prejudiced.

*Williams*, 37 So. 3d at 721; *accord Kelley v. Kenna*, 14 F. App'x 727, 729 (8th Cir. 2001) (rejecting retroactive misjoinder claim on habeas review because petitioner failed to demonstrate "clear prejudice").

We return to the present petition. The parties have not adequately briefed which standard to apply, much less whether the differences between them are material. The State instead contends that Thomas was not prejudiced by the introduction of his prior felony. Docket No. 13, at 11-13. That position is indefensible given the above authorities. *E.g.*, *Williams*, 37 So. 3d at 726. The question is the extent of the prejudice, *id.* at 721, which is a difficult question to answer with certainty.

The undersigned agrees with the weight of authority that retroactive misjoinder claims "focus on the strength of the evidence supporting claims that survive appeal." *McMahon*, 2005

3

WL 115506, at *7. The Magistrate Judge did so here. She thoroughly reviewed the record evidence introduced against Thomas to try and determine—as best one can, in hindsight—the prejudicial effect of the error.

The resulting R&R persuasively explains why the overwhelming evidence that Thomas committed the aggravated assault outweighs the prejudicial effect inherent in knowing that he was a felon. In other words, Thomas was prejudiced by being labeled a felon before the jury, but on these facts that error is not be enough to warrant a new trial on the aggravated assault charge.

The R&R is adopted with the above modification, the objection is overruled, and Thomas's petition is dismissed. A separate final judgment shall issue. Thomas will be granted a certificate of appealability permitting him to raise his retroactive misjoinder argument with the Fifth Circuit.

**SO ORDERED**, this the 13th day of March, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE